UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ERVIN STUBBS,

        Plaintiff,

v.

K. PELKY et al.,

        Defendants.
_____/

Case No. 2:22-cv-121

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner. Plaintiff previously sought (ECF No. 2) and was granted leave to proceed *in forma pauperis* (ECF No. 7). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Huss. The Court will also dismiss Plaintiff's retaliation claim, which is set forth in the supplement to the complaint. The Court will grant Plaintiff's motion to amend the complaint (ECF No. 9).

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following MBP officials: Assistant Deputy Warden K. Pelky, Assistant Warden Doug Tarson, "Mailroom GOA" Pete

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Chisholm, Business Office Supervisor R. McCarthy, and Warden Ericka Huss. (Compl., ECF No. 1, PageID.2–3.)

In Plaintiff's complaint, he alleges that he received a tax refund on March 18, 2022, in the amount of $1,848.27. (*Id.*, PageID.4.) Plaintiff contends that this tax refund included his first and second economic impact payments, presumably pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428(a)(1), and the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1). Plaintiff states that in April 2021, the facility had sent a JPay message to all prisoners indicating that the MDOC could not use the second stimulus payment, totaling $600.00, to satisfy any debts. However, upon receiving the $1,848.27 payment, all but $11.00 was deducted from Plaintiff's account to pay debts he owed, such as restitution. Plaintiff submitted a grievance, noting that he was entitled to retain $600.00 of the amount received. His grievance was denied at all levels by Defendants McCarthy, Pelky, Tarson, and Chisholm.[2] As relief, Plaintiff seeks "1,000 times the amount owed to [him]," and he requests that the parties be ordered "to pay off the remaining restitution and MDOC debt in full." (Compl., ECF No. 1, PageID.5.)

After filing his complaint, Plaintiff filed a supplement to the complaint. (ECF No. 8.) In the supplement, Plaintiff states that he "recently wrote the [Internal Revenue Service (IRS)] to ask two (2) questions[] pertaining to [his] lawsuit." (*Id.*, PageID.95.) Plaintiff states that he is indigent and "can only send out [his] mail . . . by disbursement." (*Id.*) "All of [his] other, regular, outgoing mail was never flagged, until this particular letter." (*Id.*) Plaintiff contends that flagging this outgoing letter was "retaliation by the institution/staff." (*Id.*, PageID.96.) At the time that Plaintiff

---

[2] Plaintiff notes that Grievance Manager Richard D. Russell (not a party) was also involved in the grievance process. (*See* Compl., ECF No. 1, PageID.4.)

filed the supplement to the complaint, he also filed a motion to amend (ECF No. 9), which is discussed below.)

## II.     Plaintiff's Motion to Amend

In Plaintiff's motion to amend, he requests leave of Court to amend his complaint to include a request for punitive damages. (ECF No. 9, PageID.112.) Plaintiff also seeks to amend his complaint to clarify that he "has been on i[n]digent status for nine (9) year at [MBP]," and that he would have used the $600.00 "to help [him] secure a place to live until[] he can find a job." (*Id.*)

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his or her pleading once, as a matter of course, in the preliminary stages of a case. Fed. R. Civ. P. 15(a)(1). Here, Plaintiff filed his motion to amend before the service of a responsive pleading, and he set forth his requested amendments in his motion. Under these circumstances, the Court will grant Plaintiff's motion to amend (ECF No. 9).[3]

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

---

[3] In this opinion, the Court analyzes the claims set forth in Plaintiff's complaint, as well as the additional allegations set forth in his supplement and his motion to amend.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Claims Against Warden Huss

Plaintiff lists Warden Huss as a Defendant in this action; however, Plaintiff fails to name Defendant Huss in the body of his complaint or in his subsequent supplement to the complaint and motion to amend. (*See* ECF No. 1. PageID.3–4; *see also* ECF Nos. 8, 9.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Moreover, to the extent that Plaintiff seeks to hold Defendant Huss liable for the actions of her subordinates, a government official, such as Defendant Huss, may not be held liable for the unconstitutional conduct of her subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Plaintiff has failed to allege that Defendant Huss engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against her. Therefore, Plaintiff's claims against Defendant Huss will be dismissed.

### B. First Amendment Retaliation Claim

In Plaintiff's supplement to the complaint, he alleges that after he initiated this action, a letter that he intended to send to the IRS was improperly flagged at the facility, and he contends that flagging this outgoing letter was "retaliation by the institution/staff." (ECF No. 8, PageID.96.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show

7

that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a civil rights lawsuit, such as the present action, constitutes protected conduct. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). However, Plaintiff fails to name any Defendants with respect to his retaliation claim. Instead, Plaintiff alleges in a conclusory manner that flagging his outgoing letter to the IRS was "retaliation by the institution/staff." (ECF No. 8, PageID.96.) It is well recognized that "retaliation" is easy to allege, but that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)).

Moreover, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). As discussed above, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61. Here, because Plaintiff fails to name any Defendants with respect to his retaliation claim, Plaintiff's retaliation claim falls far

8

short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Accordingly, for these reasons, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

### C.     Claims Regarding Payment Pursuant to the CAA

In this action, Plaintiff contends that he received a tax refund on March 18, 2022, in the amount of $1,848.27. (Compl., ECF No. 1, PageID.4.) Plaintiff states that this tax refund included his first and second economic impact payments, presumably pursuant to the CARES Act and the CAA Act. Prior to Plaintiff's receipt of this payment, the facility had sent a JPay message to all prisoners indicating that the MDOC could not use the second stimulus payment, totaling $600.00, to satisfy any debts. However, all but $11.00 of the $1,848.27 payment was deducted from Plaintiff's account to pay debts he owed, including restitution. At this stage of the proceedings, the Court concludes that Plaintiff's claims against Defendants Pelky, Tarson, Chisholm, and McCarthy regarding the confiscation of the payment that Plaintiff received pursuant to the CAA may not be dismissed. *See, e.g.*, *Beal v. Davids*, No. 1:21-cv-522, 2021 WL 2934835 (W.D. Mich. July 13, 2021); *see also* Order, *Beal v. Davids*, No. 1:21-cv-522 (W.D. Mich. Nov. 30, 2021), (ECF No. 23.)

### Conclusion

Plaintiff's motion to amend (ECF No. 9) will be granted. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against Defendant Huss will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Additionally, Plaintiff's retaliation claim, which is set forth in the supplement to his complaint, will be dismissed for failure to state a claim

9

under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants Pelky, Tarson, Chisholm, and McCarthy regarding the confiscation of the payment that Plaintiff received pursuant to the CAA remain in the case.

An order consistent with this opinion will be entered.


Dated: October 3, 2022  /s/ Maarten Vermaat
Maarten Vermaat
United States Magistrate Judge